IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2004

## STATE OF TENNESSEE v. KENNETH M. HOLLIDAY

**Appeal from the Criminal Court for Shelby County**
**No. 02-04164-02-04816     James C. Beasley, Jr., Judge**

---

**No. W2003-01540-CCA-R3-CD  - Filed December 28, 2004**

---

The Appellant, Kenneth M. Holliday, appeals the sentencing decision of the Shelby County Criminal Court.  On appeal, Holliday argues that the trial court erred by refusing to grant his request for alternative sentencing.  After review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Gray W. Bartlett, Memphis, Tennessee, for the Appellant, Kenneth M. Holliday.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; William L. Gibbons, District Attorney General; and Nicole Duffin, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In May 2002, a Shelby County grand jury returned two multi-count indictments against the Appellant charging him with numerous felony drug offenses.  The indictments resulted from offenses which occurred in July and August 2001.  A plea agreement was reached by the State and the Appellant.  The proof at the guilty plea hearing established that in July 2001, police officers stopped the Appellant's vehicle and found him to be in possession of 7.4 grams of crack cocaine and 1.4 grams of marijuana.  The Appellant was arrested for these drug offenses and released on bond.  In August 2001, during the execution of a search warrant of a house owned by the Appellant, officers seized 666 grams of marijuana, drug paraphernalia, and a small quantity of hydromorphone.

The terms of the plea agreement provided that with regard to the August occurrence, the Appellant would plead guilty to attempted felony possession of cocaine, a class D felony, and Class

E felony possession of marijuana and receive sentences of two years and one year respectively for these convictions. The sentences were to be served concurrently. With regard to the July 2001 offenses, the Appellant agreed to plead guilty to felony possession of marijuana and receive a one-year sentence, and upon his guilty plea to misdemeanor possession of hydromorphone be assessed a fine of $750.00. The two July offenses were to be served concurrently but consecutively to the August offenses, resulting in an effective three-year sentence. The plea agreement further provided that the issue of whether the Appellant would receive an alternative sentence would be submitted to the trial court for determination. On April 4, 2004, the trial court accepted the Appellant's pleas and imposed the sentences provided by the plea agreement.

The proof at the sentencing hearing established that the Appellant was thirty years old and the father of one child. He dropped out of school in the ninth grade, but he obtained his GED while in prison. The presentence report reflects only two periods of employment during the Appellant's adulthood. He was employed as a janitor for a one-year period and worked for "Mrs. Winner's Chicken and Biscuits" for four months. The Appellant contested the completeness and accuracy of this employment history at the sentencing hearing. The trial court characterized the Appellant's previous work history as "sketchy, at best."

With regard to prior criminal history, the presentence report shows a pattern of criminal activity beginning at age eighteen and continuing to the present. His criminal record includes two felony convictions, one for attempted second degree murder resulting in a ten-year sentence and a felony drug conviction resulting in a one-year sentence. In addition, his record reflects four prior misdemeanor drug convictions. Following this proof, the trial court denied all forms of alternative sentencing and ordered that the Appellant's effective three-year sentence be served in confinement. The Appellant appeals this ruling.

**Analysis**

When an accused challenges the length, range, or manner of the service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The court must consider the evidence received at the trial and sentencing hearing, the presentence report, the principles of sentencing, argument of counsel, the nature and characteristics of the offense, mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. *Ashby*, 823 S.W.2d at 168; *see also* Tenn. Code Ann. § 40-35-210 (2003). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

In view of the Appellant's guilty pleas to class D and E felonies, as a Range I offender, it is undisputed that he is statutorily entitled to the presumption of an alternative sentence. Tenn. Code Ann. § 40-35-102(5) (2003). The record demonstrates that the trial court afforded the Appellant this presumption at the sentencing hearing.

The Appellant contends that the trial court erred by denying him probation or a sentence of split-confinement.  In support of this position, he argues that his conduct never "threatened bodily harm to anyone" and that he is a "good candidate for rehabilitation."  We find, as did the trial court, that the circumstances of the current drug convictions, the Appellant's prior criminal history, and the Appellant's ongoing drug activity belie this argument.  At the sentencing hearing, the Appellant admitted that he had been selling drugs "since he [was] seventeen."  The proof also established that the house which was the subject of the August search was used by the Appellant as a location to store drugs for resale.  The trial court denied all forms of alternative sentencing "based on [the Appellant's] lengthy record, his lengthy involvement with criminal violations and criminal convictions."  The trial court found the Appellant's establishment of a "drug house" abhorrent and the "root" problem for the demise of community neighborhoods.

The proof at the sentencing hearing clearly rebuts the presumption that the Appellant is a favorable candidate for an alternative sentence.  *See* Tenn. Code Ann. § 40-35-102(b).  In view of the Appellant's lengthy history of criminal conduct, sentences of total confinement are authorized. *See* Tenn. Code Ann. § 40-35-103(1)(A).

## CONCLUSION

The judgment of the Shelby County Criminal Court is affirmed.

 

_____
DAVID G. HAYES, JUDGE